Curia, per Dunkin, Ch.
It is not intended by the court, to express any definitive opinion as to the effect of the verdict in trover, in relation to the rights of the complainants’s intestates. If they could be regarded as parties to that proceeding, or represented in it, they are bound by it. Their right in the negroes vested, by the verdict, in the defendant in that suit, and has passed to the present defendants under a judicial sale.
But if no privity existed between the complainants and the plaintiffs at law, it is res inter alios acta, and they can derive from it neither prejudice nor benefit. The negroes were levied on and sold as the property of Gilbert Dinkins. They were so purchased by the defendants. On the part of the complainants, it is insisted that they are entitled to a moiety of these negroes, under the deed of gift from Gilbert Dinkins, executed in March 1821.
The Chancellor who heard the cause reports, as the result of the testimony, that this deed, and the subsequent *280 conduct of the parties, “have all the leading characteristics of fraud” — that two out of three of the deceased parties repeatedly disclaimed any interest in the property, declaring that the only object of the deed was to protect the property from the creditors of the donor, and that the remaining party was present when one of the witnesses was in treaty with Gilbert Dinkins for the purchase of some of the negroes, and interposed no objection. The conclusion of the Chancellor is, that it was a fraudulent transaction. In this view the deed can have no more effect against the rights of a purchaser, for valuable consideration, than against creditors. In a case of much more doubt, this court would not interfere with the judgment of the Chancellor, on a question of this character. But if the rights of the complainants under the deed of gift, were of a much less equivocal nature, the repeated disclaimers of the parties, standing by and permitting Dinkins to treat for the sale of the property as owner, without interposing any objections, <fcc. would, upon familiar equity principles, forbid the interference of this court.
On the subject of the costs, the court see no ground to vary the decree.
It is ordered that the appeal be dismissed.
Johnson and Harper, Chancellors, concurred.
Johnston, Ch., absent from indisposition.